IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James L. Fishburne, | ) | C/A No.: 2:06-01226-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James L. Fishburne, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security[1] that he was not entitled to disability insurance (DIB) benefits.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

_____

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

1

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. This Court may also determine, on proper objection, whether an error of law has occurred.

### Administrative Proceedings

Plaintiff applied for DIB in January of 1989 and August of 1998, alleging an onset date of April 1, 1994 and his applications were denied. On June 6, 2000, he protectively filed an application for DIB, which was also denied. Plaintiff was not represented by counsel in any of these applications. On February 22, 2002, Plaintiff protectively filed another application for DIB, alleging disability as of July 21, 1997. His application was denied initially and on reconsideration. This time, he was represented by counsel, who requested a hearing. The administrative law judge ("ALJ") considered the case *de novo* and found on February 6, 2004 that the plaintiff was not disabled. The Appeals Council approved the ALJ decision on May 8, 2004.

Plaintiff then filed an action for judicial review. In April of 2005, the defendant filed a motion, to which the plaintiff consented, to vacate the prior ALJ decision and to remand the case for further proceedings to evaluate the determination by the Veteran's Administration that the plaintiff was completely disabled, to consider maximum residual functional capacity, and obtain vocational evidence.

2

(Tr. p. 512). On January 31, 2006, the ALJ held a *de novo* hearing. The ALJ issued a decision in which he noted that "there is no new and material evidence sufficient to reopen the latest prior application. While new medical evidence has been submitted following the claimant's prior filings, such evidence is not 'material' as required by § 404.989." (Tr. p. 477). The ALJ proceeded to address the merits and found the plaintiff was not disabled in his decision dated February 24, 2006. The Appeals Council approved the decision of the ALJ, and the plaintiff filed this action for judicial review.

The ALJ made the following findings in this case:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 1998. . . .

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision. (20 CFR 404. 1520 (b)) .

3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease status post laminectomies and fusion with chronic pain . . .

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526) .

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a significant range of light work activity. Specifically, the claimant was able to lift up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour day, and walk and stand for 4 hours in an 8-hour day, with a sit/stand option whereby the claimant was able to sit, stand, or walk for up to 1 hour at a time. However, the claimant was limited to no more than occasional climbing or stairs or ramps, balancing, stooping, kneeling, crouching, or crawling with no climbing or ropes, balancing, stooping, kneeling, crouching, or crawling with no climbing or ropes, scaffolds, or ladders and no exposure to hazards. Additionally, the claimant was limited to no more than frequent overhead reaching or feeling . . .

6. Through the date last insured, the claimant was unable to perform any of his past relevant work (20 CFR 404.1565) . . .

7. The claimant was born on December 25, 1951, and was 46 years old on the date last insured, which is defined as a younger individual age 45-49 (20 CFR 404.1563).

3

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564) . . .

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Through the dated last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR5 404.1560(c) and 404.1566) . . .

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through June 30, 1998, the date last insured (20 CFR 404.1520(g)).

Tr. 479-485.

## Facts

The plaintiff was fifty-one (51) years old on the alleged date of onset of disability.  He alleges disability commencing July 21, 1997, due to bilateral pes planus, hallux valgus, hypertension, migraine headaches, and hemorrhoids.  Plaintiff has an eleventh-grade education and past relevant work experience as a machine maintainer/laundryroom worker in the United States Navy, a truck driver, cement finisher.  He has also worked in the laundry of a nursing home.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Robert S. Carr.  On November 27, 2006, Magistrate Judge Carr filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be reversed.  The plaintiff timely filed objections to the Report on December 12, 2006.

The Magistrate Judge concluded that the record does not contain substantial evidence to support the conclusion of the Commissioner that the plaintiff is not entitled to DIB benefits.

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the

4

> magistrate judge but, instead, retains responsibility for the final determination. The
> Court is required to make a *de novo* determination of those portions of the report or
> specified findings or recommendation as to which an objection is made. However, the
> Court is not required to review, under a *de novo* or any other standard, the factual report
> and recommendation to which no objections are addressed. While the level of scrutiny
> entailed by the Court's review of the Report thus depends on whether or not objections
> have been filed, in either case, the Court is free, after review, to accept, reject, or modify
> any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections to the Report, the defendant alleges (1) the ALJ did not re-open the prior applications and the court therefore lacks jurisdiction over the case; (2) substantial evidence supports the finding by the ALJ that the plaintiff's evidence did not meet Listing 1.04A; and (3) the ALJ did not err when he failed to accept the vocational expert's response to the second hypothetical which included a limitation that the plaintiff would miss work due to pain.

***Did the ALJ Re-open Plaintiff's Prior Applications?***

The Commissioner asserts that the ALJ did not re-open the plaintiff's prior applications and that this Court lacks jurisdiction under 42 U.S.C. § 405(g) to review a refusal by the Commissioner to re-open a prior decision.

"Federal regulations provide that a determination which is otherwise final may be reopened within time limits and under certain circumstances. A final determination regarding Title II (DIB) benefits may be reopened within twelve months of the date of notice of the initial determination for any reason; within four years of the date of notice of initial determination for good cause; and at any time for reasons totally inapplicable here (such as fraud or similar fault). 20 C.F.R. § 404.988." *Barton v. Secretary of Health and Human Services*, 683 F.Supp. 1024, 1028 (D.S.C. 1988). Good cause for

reopening may be found where "new and material evidence is furnished", a clerical error is made in the computation of benefits, or the evidence which was considered reveals a clear error. 20 C.F.R. § 404.989.

This Court does not have jurisdiction to review the decision by the Commissioner to apply res judicata to a claim or to refuse to reopen a claim. However, the Court does possess inherent jurisdiction to determine "whether the ALJ properly applied administrative res judicata or whether, though he could have properly applied administrative res judicata, he nevertheless reopened plaintiff's earlier applications." *Id*. "If the court determines that jurisdiction exists either because administrative res judicata was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the secretary's final decision denying the claim." *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981).

> Of necessity, when a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the Secretary must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter. That the evidence offered is "new and material" may have significance on both points. If it is sufficiently "new" it may reveal the existence of a different claim, hence the inapplicability of res judicata. Or, though "new and material" it may nevertheless be revealed as going only to establish the same claim earlier denied, so that res judicata is legally available to bar its consideration on the merits. Finally, even if merely probative of the same claim, it may be sufficiently "new and material" that, considered with other factors, it justifies reopening the claim as a discretionary matter. See 20 C.F.R. § 404.989(a)(1)(1981).

*Id*., 666 F.2d at 67.

As noted above, the ALJ states on the second page of the decision (Tr. p. 477) that "there is no new and material evidence sufficient to reopen the latest prior application." However, while the ALJ

6

makes the above statement, he in fact chose to deny the plaintiff's application on the merits in a detailed, thorough, eleven page analysis. This was not simply an examination of the evidence on a proffer to determine whether factual and legal support existed to reopen the claim.

The Court accordingly finds that the matter was reopened by legal implication. "[E]ven though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981)." *Id*., 666 F.2d at 65.

What makes the government's position even more troublesome is the fact that in 2005 it requested this Court to remand the matter for further administrative proceedings without any reference to a res judicata defense or taking the position the case should not be reopened. Specifically, the memorandum in support of the motion states that "the Appeals Council will vacate the February 6, 2004 administrative decision and remand the matter to an Administrative Law Judge (ALJ) with instructions to evaluate the Veteran's Administration 100 percent disability determination and state what weight is assigned to it. The ALJ will also further consider the maximum residual functional capacity and obtain vocational evidence." (Tr. p. 515).

Based on the above analysis, the Court finds that the case was reopened by legal implication and that it has jurisdiction to review the decision of the Commissioner.

### *ALJ's Analysis under Listing 1.04A*

Defendant contends that the Magistrate Judge erroneously disregarded the substantial evidence rule and that the plaintiff failed to show that between July of 1997 and June 1998 he met the requirements of Listing 1.04A. Listing 1.04A provides:

Evidence of nerve root compression characterized by neuro-anatomic distribution of pain limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-let raising test (sitting and supine).

20 C.F.R. , pt. 404, subpt. P, app. 1, § 1.04A.

Plaintiff contends that the Magistrate Judge found the ALJ failed to perform a listing analysis in accordance with the law. Plaintiff reminds the Court that the case was already remanded once for correction of similar deficiencies.

The Court agrees with the Magistrate Judge that the ALJ ignored objective medical evidence regarding the spinal disorder during the pertinent time frame and that the record establishes that the Step 3 finding was not supported by substantial evidence.

### *Vocational Expert*

The defendant objects to the finding by the Magistrate Judge that the ALJ improperly failed to accept the vocational expert's response to the second hypothetical question which includes a limitation that the plaintiff would miss work at times due to pain. The basis for this finding by the ALJ was that he did not find the plaintiff's allegations of pain credible. The Magistrate Judge pointed out that the record contained objective medical evidence of the back problems and other conditions that would reasonably cause pain. Therefore, he found that the failure by the ALJ to utilize the hypothetical question which includes the pain limitation was unreasonable. The Court agrees and finds that, since the defendant had the burden of proving the plaintiff could do alternate work, the ALJ should have looked to the response to the second hypothetical. The answer to the second hypothetical was that there were no jobs which the plaintiff could perform.

8

*Reverse or Remand?*

The next question is whether to remand the case for further findings or to reverse and remand for an award of benefits. Under 42 U.S.C. § 405(g): "The Court shall have power to enter, upon the pleadings and transcript of the record a judgment affirming, modifying, or reversing the Commissioner of Social Security with or without remanding the cause for a hearing." Reversal is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).   In such a case, an adverse decision on remand could not "withstand judicial review," therefore, reversal is appropriate without the additional step of directing that the case be remanded to the Commissioner. *Id*.; *see also Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

This Court finds that the ALJ's decision was not supported by substantial evidence and that reopening the record for additional administrative findings would serve no purpose under the circumstances of this case.

## Conclusion

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3), and remands the case to the Commissioner for an award of benefits.

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 27, 2007
Florence, South Carolina